FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR [signature]

JAMES N. HATTEN, Clerk
[signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LUTHER H. ALLEN,<br>Inmate # GDC 126984,<br>    Plaintiff,<br><br>v.<br><br>CATHY COX,<br>Georgia Secretary of State,<br>JAMES E. DONALD,<br>Com'r, Georgia Dep't of Corrections,<br>STEVE UPTON,<br>Warden, Hays State Prison,<br>BETTY BAILEY DEAN,<br>Warden of Care and Treatment,<br>MS. D. BROWN,<br>Medical Director,<br>NURSE JOHN DOES,<br>    Defendants. | ::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>:: | CIVIL ACTION NO.<br>1:07-CV-0042-CC<br><br><br><br><br>PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, an inmate at Hays State Prison in Trion, Georgia, has submitted the instant pro se civil rights action [Doc. 1] and a motion for a temporary restraining order or preliminary injunction [Doc. 4]. Plaintiff's motion for leave to proceed in forma pauperis has been granted. [Docs. 2, 3.] The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

### I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an

AO 72A
(Rev.8/82)

officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989). "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (reviewing the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable

cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

## II. **Plaintiff's allegations**

Plaintiff sets forth the following allegations against the Defendants. In November and December 2005, he was being treated at Hays State Prison (Hays) for a "dry skin problem and swelling in the neck." [Doc. 1 (attach.) at 5.] Dr. Booth prescribed medicated soap, lotion, and cream for his skin. In January 2006, the pill call nurse could provide only two bars of soap and had no "lotion or oil in stock." Shortly thereafter, Dr. Booth prescribed a seven-day course of medication for the swelling in Plaintiff's neck, but Plaintiff received only a single pill on two days, and then the pill call nurse told him that he "was out of medicine." [Id. 5-6.] Shortly thereafter, Plaintiff was placed in lockdown for fighting and then transferred to a different dormitory. Plaintiff's narrative picks up again in May 2006, when he allegedly received no lotion, oil, or soap from the medical department. [Id. 6.]

In June 2006, Plaintiff complained about dry skin peeling off his nose, and the sick call nurse prescribed sinus tablets for the swelling in his neck and promised to

3

check into the missing refills for his dry skin condition. When the tablets did not help, Plaintiff requested sick call again, and the examining nurse informed him that "medical was not [going to] give out any more oil, soap, or lotion for [his] skin problem," and he "would have to buy [these items at] the inmates store." [Id. 6-7.]

A few days later, Dr. Walden (or Wexler) found nothing wrong with Plaintiff's neck or skin and advised him to fill his skin care needs at the inmate store. However, after the July 4th celebration, Plaintiff's scalp felt "all gum up [sic] and you could feel how sticky it was." Plaintiff requested a medical examination, and, after several delays, submitted another medical request, stating that he needed to see a doctor "about this laminate oil some fool [had] put in [his] shampoo and lotion that [has his] skin and scalp mass up [sic]." When Plaintiff saw "Nurse John Does [sic]" on July 6, 2006, the nurse asked him what he meant by "some fool" and dismissed Plaintiff, stating that the doctor already had addressed his skin problem. [Id. 7-8.]

Plaintiff filed an informal grievance, and the investigation showed "that [he] had walked off from medical without been [sic] seen at sick call." Plaintiff filed a grievance with the Warden, who denied it, stating that Plaintiff was examined at sick call on July 6, 2006, "and no dry skin was noted." [Id. 9.] In his motion for a temporary restraining order or a preliminary injunction, Plaintiff sets forth more of his

4

medical history, including a kidney problem that allegedly developed in July 1992. [Doc. 4 at 2-5.] Plaintiff states that he has been examined repeatedly for his dry skin and neck problem. [Id. 4.]

Plaintiff seeks nominal, compensatory, and punitive damages, and an order requiring that a licensed doctor examine him "for his neck and kidney problem." [Doc. 1 ¶ V.] Plaintiff also seeks a temporary restraining order or, after notice to Defendants, a preliminary injunction, requiring that he be taken to Redmond Regional Medical Center to be examined by a licensed dermatologist and that he be provided with medicated lotion, oil, and soap for his dry skin, or, in the alternative, that he be transferred from Hays to some other state prison due to "the irreparable injury [he] is suffering and because of the risk of loss of his kidney and disfigure[ment]." [Doc. 4 at 6-9.]

### III. Discussion

The Eighth Amendment prohibits indifference to a serious medical need so deliberate that it "constitutes the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal quotations omitted). The Supreme Court has recognized "the government's obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his

5

medical needs . . . . [D]enial of medical care may result in [unnecessary] pain and suffering . . . . [that] is inconsistent" with the view that it is "just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself." Id. at 103-04 (citations and internal quotations omitted).

To demonstrate deliberate indifference, a plaintiff must show both "an objectively serious medical need" and the defendant's subjective knowledge of, and more than negligent disregard of, that need. Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003). See also Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994) (noting that "a 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention"), abrogated on other grounds by Hope v. Pelzer, 536 U.S. 730 (2002). A plaintiff may establish deliberate indifference by showing that a prison official failed or refused to provide care for his serious medical condition, delayed care "even for a period of hours," chose "an easier but less efficacious course of treatment," or provided care that was "grossly inadequate" or "so cursory as to amount to no treatment at all." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

Negligence, however, even rising to the level of medical malpractice, does not constitute deliberate indifference. McElligott, 182 F.3d at 1254. See also Hinson v. Edmond, 192 F.3d 1342, 1345 (11th Cir. 1999) (noting that it is well-settled that "medical malpractice–negligence by a physician–is insufficient to form the basis of a claim for deliberate indifference"), amended by 205 F.3d 1264 (11th Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (noting that "[m]ere negligence in diagnosing or treating a medical condition is an insufficient basis" for a deliberate indifference claim). Nor does a simple disagreement over a diagnosis or course of treatment constitute deliberate indifference. As long as the medical treatment provided is "minimally adequate," a prisoner's preference for a different treatment does not give rise to a constitutional claim. See Harris v. Thigpen, 941 F.2d 1495, 1504-05 (11th Cir. 1991); see also Adams, 61 F.3d at 1547 (concluding that the medical provider's "failure to administer stronger medication" to a prisoner who subsequently died was "a medical judgment and, therefore, an inappropriate basis for imposing liability under section 1983").

Although Plaintiff claims that he is suffering from a "kidney problem," the only support for that claim consists of (1) the severe dehydration that he allegedly experienced in July 1992 and (2) his alleged reaction to being exposed to a chemical

7

substance in a 1997 prison fight, which Plaintiff suggests caused his "kidney [to] start[] pump[ing] fluid back out of his body like it was a water fountain." [See Doc. 4 at 2-4.] Otherwise, however, Plaintiff complains almost exclusively about his dry skin and the swelling in his neck. In that regard, Plaintiff details the repeated efforts by Hays medical personnel to treat these conditions. Although Plaintiff expresses dissatisfaction with the course of that treatment, it appears that the Hays medical staff eventually concluded that Plaintiff's conditions were not serious enough to require additional medical attention and advised him to use hydrating products available at the inmate store. Plaintiff's disagreement with the course of his treatment by the Hays medical staff does not rise to the level of a constitutional violation. See Harris, 941 F.2d at 1504-05; see also Adams, 61 F.3d at 1547.

8

AO 72A
(Rev.8/82)

## IV. Conclusion

For the foregoing reasons, this Court finds that Plaintiff has failed to state a claim on which relief may be granted, and the instant complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff's motion for a temporary restraining order or preliminary injunction [Doc. 4] is **DENIED AS MOOT**.

**IT IS SO ORDERED** this 20th day of March, 2007.

*/s/ Clarence Cooper*
CLARENCE COOPER
UNITED STATES DISTRICT JUDGE